IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MONTE MOORE,

          Plaintiff,        Case No. 12 C 1955

    v.                        Hon. Harry D. Leinenweber

EXELON GENERATION COMPANY, LLC,

          Defendant.

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

Plaintiff brings this Title VII action alleging race discrimination and retaliation. According to the Complaint, Plaintiff was offered a position at Exelon's Dresden Nuclear Plant. He alleges that he accepted the offer and subsequently reported to work on August 14, 2006 for the purpose of in- processing, training and clearance. Of the 40 applicants reporting for in- processing, Plaintiff was the only African-American. On the first day of training, he was pulled out of the session and sent home. In late August 2006 he was notified that he had been denied "unescorted access" to the nuclear facilities. On September 5, 2006, the job offer was rescinded by Exelon due to the denial of "unescorted access." This denial was pursuant to the regulations issued by the Nuclear Regulatory Commission (the "NRC"), to which Exelon, as an NRC licensee, was subject. 10 C.F.R. § 73.56 (l). He contends that the denial was due to his race. On March 13, 2007, he filed a charge

with the Equal Employment Opportunity Commission (the "EEOC") and received a Right-to-Sue Letter on December 21, 2011. He filed this action within ninety (90) days of its receipt.

He bases his claim of retaliation on the fact that subsequent to his filing of the EEOC charge, he followed a directive from Exelon that he undergo psychological counseling in order to gain unescorted access. He completed counseling with his own psychologist who cleared him of any psychological distress or dysfunction. He was then required to have an interview with Exelon's psychologist which lasted only 15 minutes. He was again denied unescorted access based on the interview with Exelon's psychologist. He contends that this latter denial of unescorted access was in retaliation to his filing the EEOC charge.

Exelon has moved to dismiss contending that, under unanimous Supreme Court and Court of Appeals precedent no court has the power to review a national security access decision made under federal law; Title VII specifically exempts national security clearance decisions from its coverage; the retaliation claim was never subject to a timely EEOC charge; and the Complaint fails to state sufficient facts to make a claim of discrimination plausible.

## II. DISCUSSION

Plaintiff argues that the cases cited by Exelon are distinguishable and a 7th Circuit case, *Exelon Generation Co., LLC v. Local 15 IBEW*, 676 F.3d 566, (7th Cir. 2012), specifically makes access decisions reviewable by Courts; the Title VII provision cited

by Exelon does not apply; and Plaintiff did not need to file a retaliation charge with the EEOC because his original charge was broad enough to encompass it.

The Nuclear Regulatory Commission, pursuant to the statutory mandate under the Atomic Energy Act, 42 U.S.C. § 2011 *et seq.*, requires all licensees, like Exelon who operate nuclear generators, to implement access authorization programs. 10 C.F.R. § 73.56. "Any individual to whom a licensee intends to grant unescorted access to nuclear power plant" is subject to personnel access authorization. The programs must provide high assurance that such individuals "are trustworthy and reliable, such that they do not constitute an unreasonable risk to public health and safety or the common defense and security." 10 C.F.R. § 73.56(c). Presumably to meet due process requirements, a licensee must also include a procedure for the notification of individuals denied unescorted access and must include procedures for review if a denial may adversely affect employment. The procedures must ensure that the individual is informed of the grounds for the denial and allow the opportunity to provide additional relevant information and an objective review of the information upon which the denial was based. "The procedure must provide for an impartial and independent internal management review." 10 C.F.R. § 73.56(l).

Since Plaintiff was denied employment because he was denied unescorted access by Defendant, he seeks to have this Court declare that Defendant's conduct, *i.e.*, the denial was a violation of

Plaintiff's rights under Title VII.  The Defendant contends that this Court does not have jurisdiction to make this determination citing *Department of the Navy v. Egan*, 484 U.S. 518; *Makky v. Chertoff*, 541 F.3d 205 (3rd Cir. 2008); and *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193 (9th Cir. 1995).

In *Egan*, the Supreme Court held that the Merit Systems Protection Board had no jurisdiction to review a denial of a security clearance.  Egan was hired to work around nuclear powered submarines.  The Navy denied his application for security clearance and he was therefore discharged because the denial precluded him from working at the job for which he was hired.  A hearing officer reversed the discharge but the full Board reversed the hearing officer finding that it had no jurisdiction to review the merits of the denial.  The Supreme Court affirmed, noting that the courts "traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs."

While *Egan* did not involve Title VII, two Circuits have applied the *Egan* reasoning to Title VII cases in which an employee was discharged or denied employment for not having appropriate security clearances.  In *Makky v. Chertoff*, 541 F.3d 205 (3rd Cir. 2008), the Transportation Safety Administration discharged the plaintiff from his position as a researcher for a project with the stated purpose of preventing terrorist attacks on American passenger jets.  After the United States invaded Iraq the plaintiff's security clearance was suspended.  The reasons given were the fact that he had foreign

relatives and associates (the plaintiff was a Muslim and of Arab descent). The Court agreed that it had no jurisdiction to review the denial of security clearance under the reasoning in *Egan* and since a clearance was a requirement of his job, he was not qualified for the job under the *prima facie* case formula as discussed by the Supreme Court in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

In *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193 (9th Cir. 1995), a civilian employee of the Navy's Military Sealift Command was assigned to a ship that was capable of carrying nuclear weapons. To work at such a job an employee was required to hold a Nuclear Weapons Personnel Reliability Program Certification. As a result of certain misconduct plaintiff's certificate was revoked. Plaintiff filed a Title VII action with the EEOC based on his contention that he was discriminated against based on his race. The Ninth Circuit upheld a grant of summary judgment in favor of the Navy pointing out that Title VII analysis presented the plaintiff with an "insurmountable Hurdle" in establishing a *prima facie* case of race discrimination because he could not establish that he was qualified to perform the job. It arrived at this conclusion because in its view courts lacked jurisdiction to review the decision to revoke his certification. It based its conclusion on *Egan*.

Plaintiff argues that not withstanding these cases the law is different in the Seventh Circuit. He cites *Exelon Generating Co., LLC v. IBEW*, 676 F.3d 566 (7th Cir. 2012). In that case the Seventh

Circuit was called upon to determine whether NRC regulations allowed the denial or revocation of unescorted access privileges to be subject to review by labor arbitrators hearing grievance procedures under collective bargaining agreements. The court held that such decisions were grievable. In doing so the court did not cite *Egan* or any case from any other circuit. What the court did point out was that the NRC had since 1991 taken the unequivocal position that labor arbitrators have the power of review and that a 1991 amendment did not take away that power. The case did not involve Title VII but was a declaratory judgment action and did not involve the review of a specific denial or revocation of unescorted access privileges. What position the Seventh Circuit would take on a Title VII case is unknown particularly with respect to Section 703(g) of Title VII which is discussed next. The Defendant points out that in Footnote 3 of this case, the court showed great scepticism as to Exelon's contention that a court could not review a security clearance. However, the court deleted reference to Title VII in the footnote prior to final publication.

Title VII itself in Section 703 (g) specifically states that "it shall not be an unlawful employment practice for an employer to fail or refuse to hire and employ any individual for any position if

> "(1) the occupancy of such position, or access to the premises in or upon which any part of the duties of such position is performed or is to be performed, is subject to any requirement imposed in the interest of the national security of the United States under any security program in effect pursuant to or administered under any

> statute of the United states or an Executive order of the President, and (2) such an individual has not fulfilled or has ceased to fulfill that requirement."

42 U.S.C. § 2000e-2(g).

Here the "requirement" is imposed pursuant to regulations adopted by the Nuclear Regulatory Commission. Consequently Exelon's decision to deny unescorted access to the Plaintiff would appear to be "not an unlawful employment practice" and accordingly not covered by Title VII. Plaintiff argues that this provision does not apply, first because his Complaint does not allege that Plaintiff's position requires "unescorted access," and second, because the unescorted access was denied by the Defendant and not by an outside governmental agency. However, Plaintiff's Complaint appears to assume that his position did, in fact, require unescorted access and the regulations specifically delegating the obligation to perform the security clearance program to the licensee, Exelon, were promulgated under The Atomic Energy Act by the Nuclear Regulatory Commission.

However, according to the EEOC, Section 703(g) is an affirmative defense to a charge of discrimination and an employer cannot use Section 703(g) to circumvent the requirements of Title VII by selectively applying its security clearance requirements to members of protected classes. In other words, an employer cannot use its security clearance program in a discriminatory manner by applying differing standards depending on, for example, the race of the

employee. *EEOC, Policy Guidance on the Use of the National Security Exception Contained in § 703(g) of Title VII.*

The Complaint does allege that Plaintiff was the only applicant denied unescorted access privileges out of 40 applicants. However, he does not allege that the application was selectively applied although this can reasonably be inferred from his Complaint. The Court certainly can make the determination that the national security criteria are not being applied uniformly without having to delve into whether the criteria are over restrictive, for example. Thus, the Court believes that it is too early to dismiss Plaintiff's case. The issue can be revisited on summary judgment if the Defendant wishes to go that route. Accordingly, the Motion to Dismiss the Title VII discrimination claim is denied.

Plaintiff also alleges a Title VII claim of retaliation. However, the claim of retaliation was not made the subject of an EEOC charge. Plaintiff claims that it is reasonably related to the claim of discrimination that was set out in his EEOC charge and therefore he need not specifically mention the retaliation. However, for two claims to be related, the EEOC Charge and the Complaint must, at a minimum, describe the same conduct and implicate the same individuals. *Teal v. Potter*, 559 F.3d 687 (7tj Cir. 2009). Here the EEOC charge specifically relates to the act of notification on August 24, 2006, that the job offer was rescinded. The Complaint of retaliation allegedly occurs in September 2007 when Plaintiff's unescorted access was again denied. Clearly the two acts are not

reasonably related.  *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913 (7th Cir. 2000) ("an employer's decision to terminate a worker is a separate and distinct act from a subsequent not to rehire that employee during a recall.").  Here the decision to deny unescorted access some thirteen months after the original decision to deny unescorted access is a separate and distinct act and must be the subject of an EEOC charge in order to bring a Title VII action for retaliation.  Accordingly, the claim for retaliation is denied.

### III. CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss the Title VII discrimination claim is denied.  The Motion to Dismiss the Title VII retaliation claim is granted.

**IT IS SO ORDERED.**

                                                       Harry D. Leinenweber, Judge
                                                       United States District Court

**DATE:** 10/25/2012